FILED
SUPERIOR COURT
OF GUAM

2021 APR 20 PM 2:57

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

STERLING ALIKA CRISOSTOMO,
DOB: 08/23/1976

Defendant.

Criminal Case No. CF0187-20
GPD Report No. 20-08113

DECISION AND ORDER
FINDING DEFENDANT COMPETENT
TO STAND TRIAL AND REJECTING
PLEA OF NOT GUILTY BY REASON
OF MENTAL ILLNESS, DISEASE,
OR DEFECT

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 15, 2021 for a Competency Hearing. Assistant Attorney General Rolland B.C. Wimberley represents the People, and Assistant Public Defender Jocelyn M. Roden represents Sterling Alika Crisostomo ("Defendant"). Having duly considered the Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On March 20, 2020, Defendant was arrested and charged with Charge One: Aggravated Assault (as a 2nd Degree Felony) with *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony*; Charge Two: Assault on a Peace Officer (as a 3rd Degree Felony) with *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony*; Charge Three: Resisting Arrest (as a Misdemeanor); Charge Four: Eluding a Police Officer (as a Misdemeanor); Charge Five: Reckless Conduct (as a Misdemeanor); Charge Six: Driving While

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of
Mental Illness, Disease, or Defect
CF0187-20, *People of Guam v. Sterling Crisostomo*
Page 1 of 5

Impaired (as a Misdemeanor); and Charge Seven: Reckless Driving (as a Petty Misdemeanor). Indictment (Jul. 16, 2020). Defendant allegedly led police on a high-speed chase and physically struggled with arresting officers after police attempted to pullover his vehicle. Magistrate's Complaint (Mar. 21, 2020). Arresting officers noticed "strong indicators of a person under the influence of some type of stimulant." Id.

On February 10, 2021, the Court allowed Defendant to amend his plea to include Not Guilty By Reason of Mental Illness, Disease, or Defect. Decision and Order Granting Defendant's Motion to Amend His Plea to Include Not Guilty By Reason of Mental Illness (Feb. 10, 2021).

On March 8, 2021, Defendant underwent a forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at the Client Services Family Counseling Division of the Superior Court of Guam.

The Court held a hearing on April 15, 2021 to determine Defendant's competency to stand trial and to review his plea. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I. Defendant is currently competent to be proceeded against.**

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)-(4).

Defendant appeared mentally sound throughout his forensic evaluation. Dr. Rapadas noted that Defendant displayed ""good" "attention and concentration" during the 90-minute assessment. Forensic Evaluation at 4 (Mar. 19, 2021). Defendant also showed "normal" speech flow and thought content that was both organized and "appropriate to mood and circumstances." Id. at 4.

Defendant additionally took a Mini-Mental Status Exam ("MMSE") which tested him on his orientation, cognitive registration, attention, language, and ability to recall. Id. at 5. Defendant

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of
Mental Illness, Disease, or Defect
CF0187-20, *People of Guam v. Sterling Crisostomo*
Page 2 of 5

scored a perfect 30/30, which "can be interpreted as someone who is currently not suffering from overall cognitive weaknesses and/or dementia." Id. at 5.

Defendant's understanding of the criminal proceedings also seemed fair. Defendant knew the basic jobs and responsibilities of his lawyer, the judge, and various other court members. Id. at 7. Defendant seems able to sit and be polite and respectful towards his counsel, and displayed "the ability to consult with a fair degree of rational understanding." Id. at 6. Dr. Rapadas also believes Defendant to be capable of testifying appropriately and providing wholly consistent accounts to the events leading to his arrest. Id. at 6.

Taking all data in total, the Court agrees with Dr. Rapadas's conclusion and finds that the defendant is "currently competent to be proceeded against and to be sentenced." Id. at 6. Defendant is of sound mind and is capable of understanding the proceedings against him and assisting in his defense. Dr. Rapadas does not expect any future psychotic symptoms because Defendant is no longer on meth and has been off meth for a year now. Id. at 6. Defendant is clearly in a better mental state than before, and he is competent to be proceeded against and to be sentenced.

II.     **Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect is rejected because Defendant's then state of insanity resulted from self-induced intoxication.**

A person is criminally insane and excused from criminal responsibility for his actions "*if at the time of such conduct*, as a result of mental illness, disease or defect, he lacked substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to control his actions." 9 G.C.A. § 7.16 (*emphasis added*).

Dr. Rapadas believes that Defendant, at the time of the incident, "did lack substantial capacity to know or understand what he was doing, that his conduct was wrongful, and to control his actions." Id. at 6. This belief stems from Defendant's untreated bipolar disorder, untreated ADHD, and a drug/alcohol-induced psychosis. Id. at 6. Defendant was diagnosed with bipolar disorder, ADHD, and amphetamine abuse disorder in 2014. Id. at 4. Defendant took himself off his prescribed medications and began using methamphetamine and/or alcohol as a self-medication. Id. at 7. Defendant also has a long history of meth abuse, starting at just 11 years old and bouncing in

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0187-20, *People of Guam v. Sterling Crisostomo*
Page 3 of 5

and out of Guam Behavioral Health and Wellness Center multiple times between 2012-2015. Id. at 3. Defendant displayed physical and behavioral characteristics of methamphetamine use during his arrest (eyes wide open, sweating profusely, and exaggerated facial tics with his jaw), indicating that he was in a drug-induced psychosis at the time. Id. at 7.

However, self-induced "intoxication is not a defense to a criminal charge." 9 G.C.A. § 7.58(b).

While Defendant's mental disease or defect at the time of the incident meets the standard to avoid criminal responsibility, this mental disease or defect was due to Defendant's methamphetamine-induced intoxication and psychosis. Defendant knowingly introduced the methamphetamine into his body, and he either knew or ought to know it tends to cause intoxication. See 9 G.C.A. § 7.58(a)(2). Thus, Defendant's meth use provides him no defense to the criminal charges he faces. And while the Court sympathizes with Defendant's untreated bipolar disorder and ADHD, the Defendant wasn't on any medications at the time of his most recent forensic evaluation either. Forensic Evaluation at 4 (Mar. 19, 2021). It is unlikely these untreated diseases prevented Defendant from understanding or controlling his actions then, because today he remains capable of understanding his current legal situation and controlling his actions to participate in a defense. See Id. at 6. The Court finds that Defendant suffered from a mental disease or defect at the time of the incident, but this defect was due to his voluntary methamphetamine intoxication rather than his untreated bipolar disorder and ADHD. Thus, the Court rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.

## CONCLUSION

For the reasons stated above, the Court **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.** An adjudication of Not Guilty will not be entered, and criminal proceedings will continue as originally scheduled.

**IT IS SO ORDERED** this ___APR 2 0 2021___ *nunc pro tunc* to April 15, 2021.

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0187-20, *People of Guam v. Sterling Crisostomo*
Page 4 of 5



HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

Aca, POSC

Date: 4/30/20  Time: 3:30 pm

Antonio M Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0187-20, *People of Guam v. Sterling Crisostomo*
Page 5 of 5